Matter of Ross (2019 NY Slip Op 01075)





Matter of Ross


2019 NY Slip Op 01075


Decided on February 13, 2019


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
REINALDO E. RIVERA
MARK C. DILLON
RUTH C. BALKIN, JJ.


2010-07365

[*1]In the Matter of Alan Ross, admitted as Arkady Dynin, a suspended attorney. Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts, petitioner; Alan Ross, respondent. (Attorney Registration No. 2687952)



DISCIPLINARY PROCEEDING instituted by the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts. By decision and order on motion dated March 9, 2018, this Court immediately suspended the respondent from the practice of law pursuant to 22 NYCRR 1240.9(a)(3) and (5), based upon his failure to comply with the lawful demands of the Committee in an investigation of a complaint of professional misconduct, and other uncontroverted evidence of professional misconduct, directed the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts to institute and prosecute a disciplinary proceeding against the respondent pursuant to 22 NYCRR 1240.8, and referred the issues raised to Roger Bennet Adler, Esq., as Special Referee, to hear and report. The respondent was admitted to the Bar at a term of the Supreme Court in the Appellate Division, Second Judicial Department on July 19, 1995, under the name Arkady Dynin.



Diana Maxfield Kearse, Brooklyn, NY (Kathyrn Donnelly Gur-Arie of counsel), for petitioner.



PER CURIAM.


OPINION & ORDER
On April 2, 2018, the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts served the respondent, as authorized pursuant to Judiciary Law § 90(6), by means of substituted service with a notice of petition dated April 2, 2018, and a verified petition dated March 27, 2018, and duly filed those papers with this Court together with an affidavit of service. The verified petition contains three charges of professional misconduct, which allege that the respondent failed to cooperate with the Grievance Committee in its investigation of a complaint of professional misconduct, that he abandoned his law practice, and that he misappropriated client funds entrusted to him as a fiduciary incident to his practice of law with respect to 15 client matters, respectively. The notice of petition directed the respondent to serve and file his answer to the verified petition within 20 days after service upon him of the verified petition. To date, the respondent has neither served nor filed an answer to the verified petition, as directed, nor requested additional time in which to do so.
The Grievance Committee now moves to deem the charges against the respondent established, and to impose such discipline upon him as this Court deems appropriate, based upon his default. Although the motion papers were served by the Grievance Committee, as authorized pursuant to Judiciary Law § 90(6), by means of substituted service upon the respondent on June 1, 2018, he has neither opposed the instant motion nor interposed any response thereto.
Accordingly, the Grievance Committee's motion is granted, the charges in the verified petition are deemed established, and, effective immediately, the respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law.
SCHEINKMAN, P.J., MASTRO, RIVERA, DILLON and BALKIN JJ., concur.
ORDERED that the Grievance Committee's motion is granted; and it is further,
ORDERED that pursuant to Judiciary Law § 90, effective immediately, the respondent, Alan Ross, admitted as Arkady Dynin, a suspended attorney, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,
ORDERED that the respondent, Alan Ross, admitted as Arkady Dynin, shall continue to comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, the respondent, Alan Ross, admitted as Arkady Dynin, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Alan Ross, admitted as Arkady Dynin, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Aprilanne Agostino
Clerk of the Court